IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARVIN SMITH | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-07-CV-0278-B |
| | § | |
| DALLAS COUNTY JAIL SYSTEM, | § | |
| ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Marvin Smith, an inmate in the Dallas County Jail, against Sheriff Lupe Valdez and other unidentified jail personnel.[1] On February 8, 2007, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to

---

[1] Plaintiff also sues the Dallas County Jail System, the Dallas County Sheriff's Department, and the Dallas County Jail Medical Department. However, none of those parties are legal entities subject to suit. *See Morgan v. Dallas Co. Sheriff's Dept.*, No. 3-04-CV-2172-D, 2005 WL 57282 at *1 (N.D. Tex. Jan. 11, 2005), *rec. adopted*, 2005 WL 2075796 (N.D. Tex. Aug. 26, 2005) (Dallas County Sheriff's Department and Dallas County Jail Medical Staff not proper defendants with jural existence); *Lindley v. Bowles*, 3-02-CV-0595-P, 2002 WL 1315466 at *2 (N.D. Tex. Jun. 12, 2002) (same as to Dallas County Jail).

obtain additional information about the factual basis of his suit. Plaintiff answered the interrogatories on March 13, 2007. The court now determines that this action should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

II.

Plaintiff alleges that he has been subjected to unsanitary and unhealthy conditions while incarcerated in the Dallas County Jail. More particularly, plaintiff complains that the shower contains mold, that the food attracts insects, that the jail is understaffed, that staph and tuberculosis are rampant, and that he has been denied medical attention for unspecified illnesses. By this suit, plaintiff seeks $200,000 in damages and immediate release from confinement.

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

 (1) is frivolous or malicious;

 (2) fails to state a claim upon which relief can be granted; or

 (3) seeks money relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 111 S.Ct. 2863 (1991). A complaint fails to state a claim "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). The court must assume that the facts set forth in the complaint are true. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164,

113 S.Ct. 1160, 1161, 122 L.Ed.2d 517 (1993). However, dismissal is proper where "even the most sympathetic reading of [the] pleadings uncovers no theory and no facts that would subject the present defendants to liability." *Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir. 1986).

B.

Plaintiff alleges that he has been subjected to unsanitary living conditions and denied medical care while incarcerated in the Dallas County Jail. These claims are governed by the "deliberate indifference" standard of the Eighth Amendment to the United States Constitution. *See Hare v. City of Corinth*, 74 F.3d 633, 649 (5th Cir. 1996). To establish deliberate indifference, plaintiff must allege facts which, if proved, show that jail officials were aware of a substantial risk of serious harm and failed to take reasonable measures to abate that risk. *Id., citing Farmer v. Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970, 1984, 128 L.Ed.2d 811 (1994).

Assuming plaintiff can establish deliberate indifference on the part of jail officials, his claims still fail because plaintiff suffered no physical harm. The Prison Litigation Reform Act provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The injury required by this statute "must be more than *de minimus* [sic], but need not be significant." *Alexander v. Tippah County, Mississippi*, 351 F.3d 626, 630-31 (5th Cir. 2003), *cert. denied*, 124 S.Ct. 2071 (2004). When asked how he was injured as a result of the conditions of his confinement, plaintiff responded that he "had staph a few times from the unclean jumper and the shower being dirty and the mold build up." (Interrog. #3). Plaintiff also complained that he had to wait "2 or 3 weeks" to see a doctor. (*Id.*). However, the only physical injury described by plaintiff was that "I suffered." (Interrog. #4). This is insufficient to meet the requirements of the PLRA. *See Myers v. Valdez*, No. 3-05-CV-1799-L, 2005 WL 3147869 at *2 (N.D. Tex. Nov. 17, 2005) (no physical injury where plaintiff complained of staph

and other ailments but experienced only "pain, numbness in extremities, loss of mobility, lack of sleep, extreme tension in neck and back, extreme rash [and] discomfort"); *Bargalla v. Valdez*, No. 3-05-CV-0593-M, 2005 WL 1163304 at *2 (N.D. Tex. May 13, 2005) (allegation that plaintiff suffered "unnecessary pain and suffering" insufficient to establish physical injury); *Morgan v. Dallas Co. Sheriff's Dept.*, No. 3-04-CV-2172-D, 2005 WL 57282 at *2 (N.D. Tex. Jan. 11, 2005), *rec. adopted*, 2005 WL 2075796 (N.D. Tex. Aug. 26, 2005) (same as to allegation of "undue pain . . . on a regular basis"). Without proof of physical injury, plaintiff cannot maintain a civil rights action based on unsanitary living conditions and the denial of medical care. *See Cluke v. Bowles*, No. 3-04-CV-0666-M, 2004 WL 2002247 at *2 (N.D. Tex. Sept. 7, 2004), *rec. adopted*, 2004 WL 2805827 (N.D. Tex. Dec. 6, 2004) (plaintiff failed to satisfy PLRA requirements with regard to dirty food tray claim where he suffered no physical injury).

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 20, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE